IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Civil Action No. 7:25-cv-00347-M

CHARLES WOJISKI,

    Plaintiff,

v.

CVS 7420 NC, L.L.C. and
NORTH CAROLINA CVS PHARMACY,
L.L.C.,

    Defendants.

ORDER

This matter comes before the court on Plaintiff's Motion to Remand [DE 13]. Plaintiff seeks to remand this case to Brunswick County Superior Court, arguing that there is incomplete diversity between the parties. *Id.* at 2. For the following reasons, the motion is denied.

I. **Abbreviated Factual and Procedural History**

On December 23, 2024, Plaintiff, a citizen of North Carolina, filed this personal injury action in Brunswick County Superior Court against two corporate Defendants: North Carolina CVS Pharmacy, L.L.C. ("NC-CVS"), an LLC organized under North Carolina law, and CVS 7420 NC, L.L.C. ("CVS 7420"), an LLC organized under Delaware law. DE 1-1 at 2–3. On February 7, 2025, Defendants filed a timely notice of removal under 28 U.S.C. § 1332. DE 1 at 1.

On February 28, 2025, Plaintiff moved to remand this case back to state court, arguing that this court lacks diversity jurisdiction as "the named Defendant, [NC-CVS] . . . is, by its own admission, a North Carolina [c]orporation." DE 13 at 3. In their response, Defendants argue that this court "only need[s] to evaluate the citizenship of Plaintiff and members of [NC-CVS]" because "[CVS 7420] ceased to exist" at the time of its merger with NC-CVS. DE 22 at 2; *see* N.C. Gen.

Stat. § 54-163(2). They contend that NC-CVS is a citizen of Rhode Island for purposes of diversity jurisdiction. DE 1 at 4.

## II. Legal Standards

This court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The citizenship of an LLC "is determined by the citizenship of all its members[.]" *Id.* A corporation is deemed a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

"Under North Carolina law, when a merger takes effect, only the surviving entity continues, and the other merging entity ceases to exist." *Wilkins v. Wachovia Corp.*, No. 5:10-CV-00249-D, 2011 U.S. Dist. LEXIS 31060, at *10 (E.D.N.C. Feb. 28, 2011), *adopted in relevant part by* 2011 U.S. Dist. LEXIS 30896 (E.D.N.C Mar. 24, 2011) (citing N.C. Gen. Stat. § 55-11-06). If a claim is brought against a now-defunct defendant, its citizenship "is not relevant for purposes of determining whether diversity jurisdiction exists." *Id.* "[R]ather, it is the citizenship of the surviving . . . entities that is determinative." *Id.* at *10-11; *see also Vision Bank v. Dynamic Air*, No. 10-00543-CG-B, 2011 U.S. Dist. LEXIS 41835, at *7 (S.D. Ala. Mar. 30, 2011), *adopted by* 2011 U.S. Dist. LEXIS 41909 (S.D. Ala. Apr. 15, 2011) ("[W]here there is a merger of corporations, for purposes of establishing diversity jurisdiction, corporate citizenship is determined based on the citizenship of the surviving corporation of a merger.").

2

### III. Analysis

After careful review, the court finds that there is complete diversity between the parties. As reflected in the submitted Articles of Merger, CVS 7420 ceased to exist when it and eleven other LLCs merged into NC-CVS in 2010. *See* DE 22-1 at 3; N.C. Gen. Stat. § 55-11-06. Thus, CVS 7420's citizenship is immaterial for purposes of subject matter jurisdiction. *See Wilkins*, 2011 U.S. Dist. LEXIS 31060, at *10. As for the remaining parties, there is no dispute that Plaintiff is a citizen of North Carolina, DE 1 at 3, and the surviving Defendant, NC-CVS, is a citizen of Rhode Island because its sole member, CVS Pharmacy, Inc., is a Rhode Island corporation with its principal place of business in Rhode Island. DE 1 at 3-4; *see Cent. W. Va. Energy Co*, 636 F.3d at 103. Thus, Plaintiff's citizenship is diverse from the only remaining defendant. *See id.* Further, as neither party contests that the amount in controversy requirement is satisfied, the court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1332.

Resisting this conclusion, Plaintiff suggests that Defendant "is by its own admission, a North Carolina [c]orporation." DE 13 at 3. He cites to Defendant's North Carolina Secretary of State Identification Number and seems to suggest that if a corporate entity is registered to do business in a state or is organized under the laws of a state, it is deemed to be a citizen of that state. DE 13 at 3. This assumption is erroneous. Whether a corporation is "registered to do business in [a state] and appears on [that state's] Secretary of State website" is "not the proper test for determining the citizenship" of that corporation. *Williams v. N. Hill Square Apts.*, No. 3:08cv672-DPJ-JCS, 2010 U.S. Dist. LEXIS 43279, at *5 (S.D. Miss. Apr. 7, 2010); *see also Davis v. LaClair*, No. GLR-21-1582, 2022 U.S. Dist. LEXIS 13057, at *5 (D. Md. Jan. 24, 2022) ("The fact that [a corporation] is registered to do business in Maryland does not make it a citizen of the State for purposes of diversity jurisdiction analysis."). Rather, as described previously, the citizenship of

3

an LLC is determined by the citizenship of its members. *See Cent. W. Va. Energy Co*, 636 F.3d at 103. Here, NC-CVS's only member, CVS Pharmacy, Inc., is a citizen of Rhode Island, so regardless of which states NC-CVS is registered to do business in or is legally organized in, it is considered a citizen of Rhode Island. *See id.*[1]

## IV. Conclusion

For these reasons, Plaintiff's Motion to Remand [DE 13] is DENIED.

SO ORDERED this ___4th___ day of June, 2025.

*/s/ Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court notes that throughout his motion Plaintiff conflates the rules governing personal jurisdiction with those governing subject matter jurisdiction. For example, in an attempt to establish that NC-CVS is a citizen of North Carolina, Plaintiff argues that the number of retail stores operated in North Carolina is "strong evidence that [NC-CVS] has availed itself of North Carolina jurisdiction[.]" [DE 13] at 16–17 (citing *International Shoe Co. v. Washington* 326 U.S. 310 (1945)). Whether this is true is wholly immaterial for purposes of determining NC-CVS's citizenship. The governing standard looks to the citizenship of NC-CVS's members, which as previously described, is Rhode Island. *See Cent. W. Va. Energy Co*, 636 F.3d at 103.

4